**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Joseph Bronico

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BRONICO, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEARPATH LENDING, INC. d/b/a CLEARPATH LENDING,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C §§ 227, ET SEQ.; AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOSEPH BRONICO ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint ("Complaint") against defendant CLEARPATH LENDING, INC. d/b/a CLEARPATH LENDING ("Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA").

///

///

///

- 1 -
CLASS ACTION COMPLAINT

**INTRODUCTION**

1.     Plaintiff brings this Complaint for damages, injunctive relief, and all other available legal or equitable remedies, challenging Defendant's unlawful actions in negligently and/or willfully contacting Plaintiff and the members of the proposed Class (as defined below) (collectively, the "Class Members") on their cellular telephones, thereby invading Plaintiff's privacy.

2.     This case is brought to enforce the consumer privacy provisions afforded by the TCPA, a federal law that was designed to curtail abusive telemarketing practices precisely like those described herein.

3.     Specifically, Defendant violated several provisions of the TCPA by: (i) bombarding his cellular telephone with non-emergency communications and telemarketing phone calls without prior express written consent; (ii) making numerous unauthorized telephone calls to his cellular telephone for the purpose of soliciting business from Plaintiff even though his number has been registered on the National Do Not Call Registry for almost twenty years; and (iii) failing to record and abide by his requests to cease making any further solicitations.

4.     Plaintiff seeks an injunction requiring Defendant to cease such unlawful behavior, as well as an award of statutory damages and treble damages (for knowing and/or willful violations) for Plaintiff and each of the Class Members, per violation, together with court costs, and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

5.     Pursuant to 28 U.S.C. § 1331, this Court has federal question subject matter jurisdiction over this class action lawsuit as Plaintiff alleges violations of a federal statute.

6.     Personal jurisdiction is established because Defendant conduct business in the State of California. At all times relevant herein, Defendant conducted business in the State of California, and within this judicial district.

7.     Personal jurisdiction and venue are proper in the Central District of

CLASS ACTION COMPLAINT

California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein occurred from this judicial district; and (2) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

8.     Plaintiff is a citizen of the State of New Jersey. Plaintiff is a "person," as defined by 47 U.S.C. § 153(39).

9.     Upon information and belief, Defendant is a domestic corporation with a principal place of business located at 15615 Alton Parkway, Suite 300, Irvine, California 92618.  Defendant is a company and a "person," as defined by 47 U.S.C. § 153(39).

10.     At all times relevant, Defendant conducted business in the State of California and within this judicial district.

## TCPA BACKGROUND

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.

12.     In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…" *Telephone Consumer Protection Act of 1991*, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

14.     The TCPA restricts telephone solicitations (*i.e.,* telemarketing), as well as violations of the TCPA's Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

15.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not

CLASS ACTION COMPLAINT

universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  TCPA, Pub.L. No. 102-243, § 11.

16.    The heart of the TCPA consists of two subsections: Sections 227(b) and 227(c) of Title 47 of the U.S. Code.  This case involves violations of **both** sections.

17.    Claims under both sections allow recovery of any actual monetary loss or $500 per violation, whichever is greater, and permit the award to be trebled in the case of a knowing or willful violation.

18.    In addition, a plaintiff may also seek injunctive relief under both causes of action.

19.    Under 47 U.S.C. § 227(b), a caller must obtain *prior express written consent* before making any call using an artificial or prerecorded voice to a wireless device or cellular telephone.

20.    Section 227(b)(3) further provides that even the *first call* violating the restrictions on autodialed or prerecorded calls is actionable.  In other words, a **single** violation is sufficient to create liability.

21.    Like the unlawful calls made to Plaintiff by Defendant herein, 47 C.F.R. § 64.1200(a)(2) states with respect to advertisement and telemarketing calls that "[n]o person or entity may . . . [i]nitiate or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party . . . ."

22.    47 C.F.R. § 64.1200(f)(8) defines "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or

CLASS ACTION COMPLAINT

prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

23.    Unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and rules promulgated by the Federal Communications Commission ("FCC") prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

24.    Prior express consent is an *affirmative defense* to liability under the TCPA.

25.    Although an entity may obtain prior express consent from a consumer, prior express consent may nevertheless be *revoked*.

26.    The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

27.    Importantly, consumers are permitted to ***orally*** revoke prior express consent.

28.    In addition to this section of the statute, Section 227(c) required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1); *see also id*.§ 227(c)(2) (requiring the FCC to "prescribe regulations to implement methods and procedures for protecting the privacy rights described in [§ 227(c)(1)] in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers").

29.    Section 227(c) simply "permit[s]" the FCC to "require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations, and to make that compiled list and parts thereof available for purchase." 47 U.S.C. § 227(c)(3).

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

CLASS ACTION COMPLAINT

30. Yet the TCPA provides that, if the FCC "determines to require such a database," then the regulations must "prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database." 47 U.S.C. § 227(c)(3)(F).

31. As relevant here, telephone solicitation is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

32. Section 227(c) also confers a private cause of action on any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

33. The FCC exercised its authority under Section 227(c) by promulgating regulations that established a National Do Not Call Registry (the "Registry").

34. As Congress mandated, those regulations prohibit any "person or entity" from "initiat[ing] any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

35. Moreover, the FCC's regulations prohibit any "person or entity" from "initiat[ing] . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d).

36. § 227(c) "protect[s] residential telephone subscribers' privacy rights." 47 U.S.C. 227(c)(1).

37. For purposes of § 227(c) and 47 C.F.R. § 64.1200(d), "residential" telephone subscribers encompass wireless subscribers.

CLASS ACTION COMPLAINT

38.    For more than two decades, cellphone users have been permitted by the FCC to register with the Registry as "residential subscribers." *Id*. at 203.

39.    Americans have purchased cellphones on the assumption that their devices would be protected against unwanted telemarketing.

40.    Telemarketing firms have developed policies and practices to comply with their Do Not Call obligations for cellphone users.

41.    The FCC, Federal Trade Commission, state agencies and intrepid plaintiff's attorneys alike have enforced the rights of cellphone users on the Registry.

42.    Indeed, the consensus in court decisions across the country have found that Do Not Call claims apply to cell phones.

43.    In addition, the TCPA contains two different types of do-not-call list provisions found in 47 U.S.C. § 227(c).

44.    First, the nationwide do-not-call rule applies to any "telephone solicitation."

45.    The definition of "telephone solicitation," however, includes exceptions for calls with the called party's prior express invitation or permission, calls to parties with whom the caller has an established business relationship, and calls by or on behalf of a tax-exempt nonprofit organization.

46.    Second, the TCPA requires persons or other entities that make telemarketing calls to maintain company-specific do-not-call lists and honor do-not-call requests.

47.    Unlike the definition of "telephone solicitation," used in the nationwide do-not-call rule, this definition of "telemarketing" does not include any exceptions.

48.    Accordingly, there is no exception for calls made to a person with whom the caller has an established business relationship or calls to persons who have given prior express consent under this type of claim.

49.    The requirement that all businesses that place calls for marketing purposes maintain a Company Specific "Internal" Do-Not-Call list ("IDNC list").

- 7 -

CLASS ACTION COMPLAINT

50. The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]."

51. Unlike the definition contained within the Nationwide DNC rule, the Company Specific DNC definition of "telemarketing" does **not** include *any* exceptions.

52. Accordingly, there is no exception for calls made to a person with whom the caller has an established business relationship ("EBR") or calls to persons who have given prior express consent.

53. Moreover, even if an EBR did exist, a text or call recipient's "seller-specific do-not-call request ... terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i).

54. Company-specific do-not-call requests must be honored for five years from the time the request is made, and within a reasonable time. 47 C.F.R. § 64.1200(d)(3).

55. Whether a business honored a consumer's do-not-call request in a reasonable amount of time, and the reasonableness of the business's response is a question of fact for the jury to decide.

56. Sellers must coordinate the do-not-call requests received by their telemarketers, so that all telemarketing calls on behalf of the seller cease if a consumer makes a do-not-call request to one of the seller's telemarketers.

57. Any company, or someone on the company's behalf, who calls a member of the company IDNC violates the TCPA.

58. Furthermore, a Plaintiff is entitled to recover under *both* sections of the TCPA on a *per call basis*. *See Cunningham v. Capital Advance Solutions, LLC*, 2019 WL 7293410 (D. N.J. 2019) ("Here, Plaintiff has alleged violations pursuant to 47 U.S.C § 227(b)(3) (the automated call subsection) **and** 47 U.S.C § 227(c)(5) (the do-not-call-list subsection), and, therefore, he is entitled to recover damages **under both provisions** for each alleged call.") (emphasis added); *see also Charvat v. NMP, LLC,*

CLASS ACTION COMPLAINT

656 F.3d 440 (6th Cir. 2011) ("We therefore conclude that a person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), **and** $1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)-even if both violations occurred **in the same telephone call**.") (emphasis added); *Childress v. DeSilva Automotive Services, LLC*, 2020 WL 3572909 (D. N.M. 2020) ("Statutory damages are available separately under both the TCPA's automated-call provision **and** its do-not-call-list provision, **even if** separate violations result **from a single call**.") (emphasis added).

59. And lastly, the FCC clarified rules governing misdialed or wrong-number calls.

60. Specifically, "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

## FACTUAL ALLEGATIONS

61. Defendant is a for-profit home-financing company that offers consumers home refinance options and home mortgage loans.

62. In Defendant's overzealous attempt to market its services, however, Defendant willfully or knowingly conducted (and continues to conduct) unsolicited and prerecorded telemarketing phone calls without the prior express written consent of the Plaintiff and the Class Members who were recipients of such telephone calls.

63. Defendant also patently violated (and continues to violate) the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

- 9 -

64.    Through this conduct, Defendant has violated the TCPA and invaded the privacy of Plaintiff and the members of the Class.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

65.    At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in -5756 (the "Cell Phone").

66.    Plaintiff's Cell was registered with the Registry on October 28, 2006.

67.    Plaintiff registered the Cell on the Registry to obtain solitude from unwanted telemarketing and solicitation calls.

68.    Plaintiff, *himself* and not any other person or third party, registered the Cell with the Registry.

69.    To be clear, Plaintiff placed his own number on the Registry as opposed to someone else placing his number on the Registry.

70.    Plaintiff is the sole user and/or subscriber of his Cell.

71.    Plaintiff is financially responsible for phone service to his Cell.

72.    Plaintiff's Cell is used solely for "residential" purposes.

73.    Plaintiff does not use his Cell for any type of business purpose.

74.    Rather, the Cell is Plaintiff's personal phone that he uses for personal, family, and household use.

75.    Indeed, Plaintiff maintains no landline phones at his residence and has not done so for at least many years.

76.    Plaintiff relies on his Cell Phone to communicate with friends and family.

77.    Plaintiff also solely performs domestic tasks with his Cell including sending and receiving personal emails as well as text messages.

78.    Similarly, Plaintiff uses his Cell to order food deliveries.

79.    Plaintiff also uses his Cell to search various websites for *non-business* related hobbies and topics of interest to him.

80.    Plaintiff does **not** use his Cell for business transactions.

81.    Plaintiff's employer does **not** pay Plaintiff's phone bill.

CLASS ACTION COMPLAINT

82. Plaintiff does **not** use the Cell for business or commercial purposes.

83. Plaintiff's Cell Phone is **not** registered in the name of a business.

84. Before Defendant first initiated its unsolicited communications, Plaintiff did **not** provide Plaintiff's Cell number to Defendant through any medium.

85. Plaintiff also **never** entered into a business relationship with Defendant.

86. Plaintiff **never** made any purchase with the Defendant.

87. Plaintiff **never** engaged in any transactions with the Defendant.

88. Plaintiff **never** made any type of inquiry regarding the Defendant's products or services.

89. Plaintiff **never** submitted any type of application to Defendant regarding the Defendant's products or services.

90. Plaintiff **never** provided Defendant with any "prior express invitation or permission" as defined by 47 C.F.R. § 64.1200(c)(2)(ii).

91. In addition, Plaintiff did **not** provide Defendant with any type of permission to be contacted for marketing purposes.

92. Plaintiff **never** signed any written agreement with the Defendant, which states that the Plaintiff agrees to be contacted by the Defendant.

93. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the Registry before attempting to transmit a telephone solicitation to the telephone number of any subscriber included on the Registry.

94. Notwithstanding this obligation, Defendant inundated Plaintiff with illegal calls between December 2025 and January 2026 as alleged with more specificity below.

95. Of course, Defendant may have hired third-party telemarketers that are currently unknown to Plaintiff and *only known to Defendant*.

96. Defendant may have hired these other parties to enjoy the benefits of mass telemarketing.

97. While Plaintiff alleges Defendant is **directly** **liable** based on what he

- 11 -

CLASS ACTION COMPLAINT

knows and understands at this time, if he learns the calls were initiated by agent(s) acting on Defendant's behalf, Plaintiff shall seek to hold Defendant vicariously liable for such violations.

98. Discovery will clarify whether Defendant directly initiated all of the calls or agent(s) did so on its behalf.

99. Without having had the benefit of discovery to show otherwise, Plaintiff alleges that Defendant is directly liable for the unsolicited telemarketing because they were made directly by Defendant.

100. If discovery reveals, however, that *some* of the calls were initiated by third-party/parties on behalf of Defendant (which is impossible for Plaintiff to know at this juncture), then Plaintiff shall amend the pleadings to allege that Defendant is vicariously liable for these specific calls and communications.

**Unlawful Telemarketing**

101. In the beginning of December 2025, Defendant literally placed dozens of calls to Plaintiff's Cell Phone.

102. Specifically, Defendant physically placed phone calls directly to the Plaintiff using phone numbers owned by the Defendant to use for marketing purposes.

103. Upon answering one of these calls, Plaintiff was connected with Defendant's agent named "George."

104. George expressly identified the Defendant by its business name.

105. Thereafter, Plaintiff requested that he be removed from Defendant's list and for the calls to cease.

106. Unfortunately, they did not.

107. Over the next two weeks, Defendant continued to call Plaintiff with an artificial or pre-recorded voice advertising its services.

108. Exasperated, Plaintiff wrote to Defendant on December 15, 2025 by email to try and get the harassment to stop.

109. Specifically, Plaintiff wrote to "information@clearpathlending.com"

CLASS ACTION COMPLAINT

detailing the harassment and demanding that the telemarketing calls cease.

110. Plaintiff also sent a letter via Certified Mail to Defendant.

111. According to the US Postal Services' records, the Defendant received and signed for the letter at 2:19 p.m. on December 15, 2025.

112. Incredibly, however, the harassment still did not stop.

113. Rather, Defendant called Plaintiff's Cell Phone dozens and dozens of times in December and January 2026.

114. Defendant left Plaintiff with no choice but to file this lawsuit to prevent further harassment.

115. Based on the foregoing, Defendant does not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

116. Based on the foregoing, Defendant does not train their employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R § 64.1200(d)(2).

117. Defendant failed to place Plaintiff on the company IDNC, despite his repeated requests not to be contacted.

118. Instead, Defendant continued to call his cellphone, in violation of 47 C.F.R § 64.1200(d)(3).

119. By its actions, Defendant also violated 47 C.F.R § 64.1200(d)(6).

120. In addition, Defendant did not place the calls to Plaintiff for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

121. Each of the above unsolicited telephonic communications by Defendant violated 47 U.S.C. § 227(b)(1).

122. Based on the foregoing, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the Do-Not Call provision in 47 C.F.R. § 64.1200(c).

- 13 -

CLASS ACTION COMPLAINT

123. Plaintiff was deeply inconvenienced by the calls.

124. Receiving Defendant's repeated unauthorized calls and pre-recorded voice messages drained Plaintiff's phone batteries, consumed space on Plaintiff's cell phones, and caused Plaintiff additional electric expenses and wear and tear on their phones and batteries.

125. Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed that Defendant continued to direct unsolicited and unauthorized phone calls and messages to Plaintiff's cell phone.

126. Defendant's telephonic communications forced Plaintiff to be deprived of the privacy and utility of Plaintiff's cell phone by forcing Plaintiff to ignore or reject Defendant's disruptive calls, pre-recorded voice messages, dismiss alerts, and/or silence their cell phones because of Defendant's incessant unsolicited telephone calls.

127. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant placed the calls to Plaintiff without Plaintiff's consent, Defendant failed to address or respect the limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiff's privacy and violated the spirit and intent behind the TCPA.

128. Defendant's violations caused Plaintiff to suffer real and concrete harm in the form of intrusion and distraction, wasted time, wasted cellular phone battery, loss of cellular phone use, and natural and foreseeable stress and frustration in connection with the foregoing, all of which the TCPA was designed to prevent.

129. Through the aforementioned conduct, Defendant repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

130. Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Classes, which are defined as follows:

<u>Prerecorded Voice Class</u>

All persons within the United States who received any telephone call(s) from Defendant or its agent(s) to said person's cellular telephone made through the use of an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

<u>DNC Class</u>

All persons within the United States (1) registered on the National Do Not Call Registry for at least 31 days, (2) who received more than one telephone solicitation (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

<u>IDNC Class</u>

All persons within the United States: (1) who received a telephone solicitation; (2) made by or on behalf of Defendant; (3) for the purpose of promoting Defendant's goods or services, (4) after making a do-not-call request to Defendant; (5) within the four years prior to the filing of the Complaint.

131.   Excluded from the Classes are Defendant, its officers and directors, members of its immediate families and its legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

132.   Plaintiff reserves the right to redefine the Classes and to add subclasses as appropriate based on discovery and specific theories of liability.

133.   Further, Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, illegally contacted Plaintiff and

CLASS ACTION COMPLAINT

the Class Members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class Members who opted out from any communication from Defendant, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and the Classes. Plaintiff and the Class Members were damaged thereby.

134. Numerosity: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized pre-recorded voice calls made to numerous telephone numbers. Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Classes are so numerous that joinder of all members of the Classes are impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

135. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's phone call logs and call records.

136. Members of the Classes may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

137. Ascertainability: The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria. In addition, the members of the Classes are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

138. Typicality: As a person who received numerous telephone solicitations

- 16 -

CLASS ACTION COMPLAINT

from Defendants within a 12-month period, who did not have an established business relationship or personal relationship with Defendants, and who did not provide Defendants prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Classes.  Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

139.   Plaintiff and members of the Classes each received at least one telephonic sales call, advertising Defendant's services, without prior express written consent, which Defendant made or caused to be made to Plaintiff and the members of the Classes.

140.   Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff has had to suffer the burden and invasion of privacy of receiving unsolicited phone calls to Plaintiff's cellular telephone from Defendant while Defendant had no express written consent to contact Plaintiff. Thus, Plaintiff's injuries are typical to Class Members.

141.   Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice and procedure on the part of Defendant.

142.   Plaintiff's claims are based on the same theories, as are the claims of the members of the Classes.

143.   Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant harassed Plaintiff and Class Members by illegally placing unsolicited calls, including calls utilizing artificial or prerecorded voice messages, to their cellular phones without prior express consent. Plaintiff and the Class Members suffered injuries, including invasion of privacy, and were damaged thereby.

144.   Adequacy: Plaintiff is qualified to, and will fairly and adequately protect the interests of the members of the Classes with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.

CLASS ACTION COMPLAINT

Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes. Plaintiff will vigorously pursue the claims of the members of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed Class Counsel, are well-versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the TCPA. Plaintiff's counsel will assert, protect and otherwise represent the members of the Class. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

145. <u>Predominance</u>: The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

146. <u>Commonality</u>: There are common questions of law and fact as to all members of the Classes, including but not limited to the following:

- What is Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing phone calls;

- Whether Defendant initiated unsolicited phone calls, including calls utilizing an artificial or pre-recorded voice, to Plaintiff and Class members;

- How Defendant obtained the numbers of Plaintiff and Class members;

- Whether Defendant can meet its burden of showing that it had prior express written consent to conduct such phone calls;

- 18 -

CLASS ACTION COMPLAINT

- Whether Defendant willfully or knowingly violated the TCPA;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
- Whether Plaintiff and the members of the Classes are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;
- Whether Plaintiff and members of the Classes are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and
- Whether Plaintiff and the Classes are entitled to any other relief.

99. Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:

- If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.
- The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.
- The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.
- These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.
- The damages suffered by each individual member of the Classes

- 19 -

CLASS ACTION COMPLAINT

may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

- Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

- The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

- There will be little difficulty in the management of this action as a class action.

100.   <u>Class-Wide Injunctive Relief</u>: Moreover, class certification is warranted because Defendant has acted on grounds generally applicable to Plaintiff and members of Classes, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA of statutory damages and to be free from unwanted phone calls.

101.   Defendant has acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

102.   Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein.

CLASS ACTION COMPLAINT

103.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with applicable law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

104.   Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct.

105.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227, ET SEQ.

### [ON BEHALF OF PLAINTIFF AND THE PRE-RECORDED VOICE CLASS]

106.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107.   As alleged with specificity herein, Defendant made unsolicited and unauthorized phone calls using an artificial or pre-recorded voice to the cellular telephones of Plaintiff and the TCPA Class members for the purpose of marketing products and/or services to Plaintiff and the TCPA Class.

108.   The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 (b).

109.   Defendant made unsolicited and unauthorized calls to Plaintiff and TCPA Class members for the purpose of marketing products and/or services to those Plaintiff and the TCPA Class.

110. Defendant's conduct invaded Plaintiff's privacy.

111. As a result of Defendant's violations of 47 U.S.C. §§ 227 (b), Plaintiff and the TCPA Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

112. Plaintiff and TCPA Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

113. Plaintiff and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227, ET SEQ.

### [ON BEHALF OF PLAINTIFF AND THE DNC CLASS]

114. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

115. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA's implementing regulation 47 C.F.R. § 64.1200(c).

116. As a result of Defendant's negligent violations of 47 U.S.C. § 227 (c), Plaintiff and each member of the DNC Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

117. Plaintiff and each member of the DNC Class are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violations of 47 U.S.C. §§ 227 (c), pursuant to 47 U.S.C. § 227(c)(5).

118. Plaintiff and the DNC Class are also entitled to and seek injunctive relief

CLASS ACTION COMPLAINT

prohibiting such conduct in the future

## COUNT III

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227, ET SEQ.

### [ON BEHALF OF PLAINTIFF AND THE IDNC CLASS]

119. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

120. As alleged with specificity herein, Plaintiff made requests to Defendant not to receive telemarketing.

121. As alleged with specificity herein, Defendant failed to honor Plaintiff's requests.

122. Based on the foregoing, Defendant has not instituted procedures for maintaining a list of persons, including but not limited to Plaintiff, who requested not to receive telemarketing, pursuant to 47 C.F.R. § 64.1200(d).

123. Because Plaintiff received more than one telemarketing call in a 12-month period made by Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

124. As a result of Defendant's negligent violations of 47 U.S.C. § 227 (c), Plaintiff and each member of the IDNC Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

125. Plaintiff and each member of the IDNC Class are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violations of 47 U.S.C. §§ 227 (c), pursuant to 47 U.S.C. § 227(c)(5).

126. Plaintiff and the IDNC Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

//

//

//

- 23 -

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, respectfully requests the following relief against Defendant:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel;

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future;

- Statutory damages of $500.00 for Plaintiff and each member the Pre-Recorded Voice Class for each and every one of Defendant's negligent violations;

- Statutory damages of $500.00 for Plaintiff and each member the DNC Class for each and every one of Defendant's negligent violations;

- Statutory damages of $500.00 for Plaintiff and each member the IDNC Class for each and every one of Defendant's negligent violations;

- Statutory damages of $1,500.00 for Plaintiff and each member of the Pre-Recorded Voice Class for each and every one of Defendant's willful or knowing violations;

- Statutory damages of $1,500.00 for Plaintiff and each member of the DNC Class for each and every one of Defendant's willful or knowing violations;

- Statutory damages of $1,500.00 for Plaintiff and each member of the IDNC Class for each and every one of Defendant's willful or knowing violations;

- A declaration that Defendants' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

- Pre-judgment and post-judgment interest on monetary relief; and

- All other and further relief as the Court deems necessary, just, and proper.

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of the Classes, demands a jury trial on all issues so triable.

Dated: May 14, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  */s/ David J. McGlothlin*
David J. McGlothlin, Esq.
*Attorneys for Plaintiff*

- 25 -

CLASS ACTION COMPLAINT